UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGUAR LAND ROVER NORTH<br><br>Plaintiffs,<br>v.<br><br>PREMIER AUTOMOTIVE IMPORTS OF CA, LLC, SONIC FREMONT, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C-10-1025 MHP<br><br>**FINAL PRELIMINARY INJUNCTION** |

## AMENDMENT TO PRELIMINARY INJUNCTION

Good cause appearing therefor, and for the reasons set forth in the Court's May 2̶7̶ 2010 Preliminary Injunction (the "Preliminary Injunction"), the Court hereby supplements and amends the Preliminary Injunction as follows:

1. Premier Automotive Imports of CA, LLC, its parent companies, subsidiaries, affiliates, owners, employees, directors, agents, or anyone else acting at Premier's direction and/or under its control (hereinafter, "Premier") are enjoined from, directly or indirectly, acquiring or holding any ownership in, or exercising managerial or operational control over, the Jaguar/Land Rover dealership at 5701 Cushing Parkway, Fremont, California (the "Fremont Dealership"), whether pursuant to the December 30, 2009 Consulting Agreement between Premier and Sonic Fremont, Inc. ("Sonic") or otherwise. Premier may not directly or indirectly act in the capacity of a Jaguar or Land Rover dealer at the Fremont Dealership.

2. All managers, and sales, service, and/or parts personnel working at the Fremont Dealership must be employed and paid by Sonic, not Premier. Premier may not set, increase or decrease, or provide the compensation payable to any person working at the Fremont Dealership.

3. Premier may not enter into any contract or agreement with any third party on behalf of the Fremont Dealership. Any contracts or agreement entered into with any third party on behalf of the Fremont Dealership shall be in the name of Sonic, not Premier including, but not limited to, agreements with customers, suppliers, vendors, sponsors, banks/lenders, or any third parties providing goods or services to the Fremont Dealership.

4. Any fixtures, assets, or equipment acquired by or used for the operation of the Fremont Dealership shall be titled in the name of Sonic, not Premier.

5. Any property and/or building lease agreement for the Fremont Dealership shall be in the name of Sonic, not Premier.

6. Sonic shall remain responsible and liable for all expenses and debts incurred by the Fremont Dealership and for all cash or capital expenditures related to the operation of the Fremont Dealership.

1    [P̶L̶A̶I̶N̶T̶I̶F̶F̶S̶'̶ ̶P̶R̶O̶P̶O̶S̶E̶D̶] AMENDMENT TO PRELIMINARY INJUNCTION

7. Premier may not sell, transfer, or otherwise dispose of any assets or equipment related to the operation of the Fremont Dealership.

8. Premier may not set the business policies, operations, or practices of the Fremont Dealership including, but not limited to, the policies, operations, and practices for marketing, vehicle sales, servicing, repairs, warranties, and customer satisfaction.

9. Premier may not make any change in the accounting methods, procedures, or practices of the Fremont Dealership. Premier may not make any write-offs or write-downs for any accounts receivable related to the Fremont Dealership. Premier may not make any write-downs or write-ups on the value of any inventory of the Fremont Dealership.

10. All revenues from the operation of the Fremont Dealership shall be deposited and maintained in an account controlled by and in the name of Sonic Fremont, Inc., not Premier.

11. Sonic Fremont, Inc. shall retain full ownership of the Fremont Dealership.

**THE COURT FINDS** that merely enjoining defendants from ownership of the dealership in question, as suggested by defendants, will not be sufficient to protect plaintiffs' trademark rights. Plaintiffs' protectable trademarks are inextricably intertwined with their products and, hence, with the dealership. In order to protect the trademarks it is not feasible to separate out the mark from the Dealer Agreements. The Consulting Agreement flies in the face of the rights that inhere in plaintiffs' trademarks. Therefore, the foregoing terms of the preliminary injunction must be adopted and enforced. Furthermore, the Consulting Agreement and the arrangement proposed by defendants would inevitably lead to confusing and deceiving customers, since to them it would appear that they are dealing with Sonic when, in fact, they are not.

A memorandum and order will follow the issuance of this preliminary injunction.

//

**IT IS FURTHER ORDERED** that this Amended Preliminary Injunction is effective immediately, and shall remain in effect until dissolved by further order of this Court. All existing provisions of the Preliminary Injunction shall remain in full force and effect until dissolved by further order of this Court.

**IT IS SO ORDERED.**

Dated: June 3, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3